UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| RICKY KURT WASSENAAR, | ) | |
| | ) | |
| Petitioner, | ) | 2:09-cv-02444 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| CHARLES L. RYAN, *et al.*, | ) | [Re: Petition at Docket 1] |
| | ) | |
| Defendants. | ) | |

## I.  MATTER PRESENTED

At docket 1, state prisoner Ricky Kurt Wassenaar ("petitioner" or "Mr. Wassenaar") filed a petition for writ of *habeas corpus*.  Respondents' answer is at docket 12.  Mr. Wassenaar's traverse is at docket 17.

At docket 21, Magistrate Judge Michelle H. Burns filed a report recommending that Mr. Wassenaar's petition be denied and dismissed with prejudice and that the court deny a certificate of appealability and leave to proceed in *forma pauperis*.

## II.  BACKGROUND

Detailed background is set out in the report and recommendation at docket 21,

and in *State v. Wassenaar*.[1]  Petitioner was involved in a 15-day prison standoff at the

Lewis Complex of the Arizona State Department of Corrections.  Petitioner was

ultimately convicted of five counts of kidnapping, ten counts of dangerous or deadly

assault by a prisoner, one count of promoting prison contraband, one count of escape in

the first degree, one count of sexual assault, and one count of aggravated assault

causing temporary but substantial disfigurement.

The trial court denied two motions to vacate the judgment.  Petitioner appealed,

and the Arizona Court of Appeals affirmed his convictions.[2]  The Arizona Supreme

Court denied review.  While his direct appeal was pending, petitioner filed a notice of

post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure.

The trial court modified its restitution order.  The Arizona Court of Appeals dismissed

Mr. Wassenaar's petition for review as untimely, and the Arizona Supreme Court

declined jurisdiction.  After the Arizona Supreme Court denied review of his direct

appeal, petitioner filed another notice of post-conviction relief.  The trial court dismissed

the petition.  The Arizona Court of Appeals denied review.

Mr. Wassenaar filed this petition for a writ of *habeas corpus* on November 20,

2009.  Mr. Wassenaar asserts four grounds for relief: (1) the Arizona Court of Appeals

erred by unconstitutionally lowering the standard of review for harmless error analysis;

---

[1]161 P.3d 608 (Ariz. Ct. App. 2007).

[2]*See id.*

(2) a violation of his right to represent himself; (3) violations of due process and his right to a presumption of innocence when the trial court ordered him restrained during his jury trial; and (4) denial of effective assistance of counsel.

### III.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[3]  When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de novo* review of all conclusions of law,[4] and any findings of fact to which objections have been made.[5]  Uncontested findings of fact are reviewed for clear error.[6]

### IV.  DISCUSSION

**A. Ground One - Standard of Review**

Petitioner argues that the Arizona Court of Appeals applied an improper standard of review by "resolv[ing] any conflict in the evidence in favor of sustaining the verdict."[7] There is nothing in the opinion to suggest that the standard of review that petitioner complains of was applied to anything other than evidentiary conflict.

The report found that Petitioner had not established "that the state court's ruling was contrary to or [involved] an unreasonable application of federal law" and that

---

[3]28 U.S.C. § 636(b)(1).

[4]*Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[5]28 U.S.C. § 636(b)(1).

[6]*Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

[7]Doc. 1 at 7 (quoting *Wassenaar*, 161 P.3d at 612).

"application of an improper standard of review is not a proper ground for federal habeas relief."[8]  Petitioner argues that the standard applied by the Arizona Court of Appeals conflicts with *Chapman v. California*.[9]  Petitioner, however, has confused the standards of review that were actually applied.  As discussed in the report, the Court of Appeals applied an abuse of discretion standard in evaluating the trial court's decision to permit surreptitious shackling and denial of an evidentiary hearing to determine whether the jurors saw petitioner's restraints.[10]  The state court conducted harmless error review with respect to any potential effect that the shackling may have had.[11]

The federal standard provides that "where a court, *without adequate justification*, orders the defendant to wear shackles that will be seen by the jury, the defendant need not demonstrate actual prejudice to make out a due process violation.  The State must prove 'beyond a reasonable doubt that the shackling *error* complained of did not contribute to the verdict obtained.'"[12]  The harmless-beyond-a-reasonable-doubt standard only applies where there is a shackling error.  The Constitution "permits a State to shackle a criminal defendant . . . in the presence of a special need."[13]  The Arizona Court of Appeals found that the trial court did not abuse its discretion in

---

[8]Doc. 21 at 8.

[9]386 U.S. 18, 24 (1967).

[10]*See Wassenaar*, 161 P.3d at 618–19.

[11]*Id.* at 619.

[12]*Deck v. Missouri*, 544 U.S. 622, 635 (2005) (quoting *Chapman*, 386 U.S. at 24) (emphasis added).

[13]*Id.* at 626.

ordering that petitioner be restrained.  Consequently, the Arizona Court of Appeals determination that even "if any juror saw the restraints, it is apparent their observation did not affect the verdict"[14] went beyond the constitutional requisite.

## B. Ground Two - Self-Representation

Petitioner argues that his right to represent himself was violated when the trial court required him to testify through direct examination by advisory counsel.[15]  Petitioner also maintains that he was forced to choose between his right to represent himself and his right to testify on his own behalf.[16]  The report and recommendation correctly determined that petitioner's right to self-representation was not violated.[17]  Petitioner objects to the report on the ground that it did not adequately discuss the allegedly unconstitutional tension placed on the exercise of his right to self-representation and his right to testify on his own behalf.  Petitioner cites *United States v. Johnson.*[18]

In *Johnson*, the Third Circuit stated that "[w]hen the exercise of one right is made contingent upon the forbearance of another, both rights are corrupted."[19]  That case involved mandatory forbearance of the defendant's right to counsel–not, as here, self-representation–if the defendant were to exercise his right to testify on his own behalf.[20]

---

[14]*Wassenaar*, 161 P.3d at 619.

[15]Doc. 1 at 13.

[16]*See* doc. 25 at 2–3.

[17]Doc. 21 at 10–13.

[18]555 F.2d 115 (3d Cir. 1977).

[19]*Id.* at 120.

[20]*Id.*

Here, petitioner's right to represent himself was preserved.  Consequently, he was not "put to a [similar] Hobson's choice."[21]

## C. Ground Three - Due Process

Petitioner argues that his due process rights were violated by the use of shackles during trial.  The report correctly found that "all of the reasons the [trial] court gave for restraining [p]etitioner were specific to the circumstances of the case as required by" Supreme Court precedent.[22]  As discussed above, only routine shackling is constitutionally prohibited.  Petitioner's shackling was not routine.

Petitioner objects to the report on the ground that it "does not address the fact that the appellate court failed to apply the correct controlling authority."[23]  As discussed above, the Arizona Court of Appeals actually went beyond the federal standard in determining that any juror's possible observation of petitioner's restraints did not affect the verdict because petitioner's shackling was not erroneous.

## D. Ground Four - Effective Assistance of Counsel

Petitioner argues that he was denied effective assistance of appellate counsel. Petitioner maintains that his appellate counsel was both conflicted and deficient for failing to challenge the trial court's decision to have advisory counsel directly examine him and the trial court's decision to impose restraints.  The report and recommendation found that petitioner was unable to demonstrate actual conflict or prejudice.

---

[21] *Id.* (internal quotations omitted).

[22] Doc. 21 at 15.

[23] Doc. 25 at 4.

Petitioner objects on the ground that the report did not address denial of an evidentiary hearing with respect to the purported conflict of interest.[24]  Petitioner cites *Phillips v. Woodward*.[25]  Petitioner relies on the Ninth Circuit's statement that "[w]hen a state court denies an evidentiary hearing on a *colorable* ineffective assistance of counsel claim after proper request," requisite cause for a hearing in the district court is shown."[26]  Petitioner also argues that "the state cannot successfully oppose a petitioner's request for a state court evidentiary hearing, then argue in federal habeas proceedings that the petitioner should be faulted for not succeeding."[27]

Here, petitioner's ineffective assistance of counsel claims were not colorable.  As discussed in the report, the alleged conflict was tenuous at best.  With respect to any potentially deficient performance, petitioner is attacking strategic choices that cannot form the basis of an ineffective assistance of counsel claim and, in any event, is unable to demonstrate prejudice.[28]

## V.  CONCLUSION

For the reasons above, Magistrate Judge Burns's findings and recommendations are adopted in part and modified in part as described above.  Mr. Wassenaar's petition for writ of *habeas corpus* is **DENIED** and **DISMISSED** with prejudice.  A certificate of

---

[24]Doc. 25 at 6.

[25]267 F.3d 966 (9th Cir. 2001).

[26]*Id.* at 974 (emphasis added) (internal quotations omitted).

[27]*Id.* at 974–75 (internal quotations omitted).

[28]Doc. 21 at 17–20.

appealability and leave to proceed in *forma pauperis* are **DENIED** because petitioner

has not made a substantial showing of the denial of a constitutional right.[29]

DATED this 31st day of March 2011.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[29]*See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).